UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MSPA CLAIMS 1, LLC,
a Florida profit corporation,

CASE NO.:

Plaintiff,

LIBERTY MUTUAL FIRE INSURANCE,
COMPANY, a Foreign profit corporation,

Defendant.

_____/

**NOTICE OF REMOVAL**

Defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), pursuant to 28 U.S.C. §1441 *et seq.*, removes this action from the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, styled *MSPA Claims I, LLC v. Liberty Mutual Fire Insurance Company*, Case No. 2015-027927-CA.

**I.    The State Court Case**

1.    On December 28, 2015, Plaintiff served Liberty Mutual with the complaint.

2.    The complaint contained four counts. Count one was for a "Direct Right of Recovery Pursuant to 42 C.F.R. § 411.24(e)." Count two was for "Conventional Subrogation." Count three was for "Breach of Contract for Failure to Pay PIP Benefits or in the Alternative, Equitable Subrogation." Count four was for "Conventional Subrogation Arising from Third Party Beneficiary Status." Plaintiff sued as an alleged assignee of Florida Healthcare Plus, a Medicate Advantage Organization.

3.    A Notice of Removal was filed within 30 days of receipt of the complaint, pursuant to 28 U.S.C. §1446(b).

4. The case was assigned number 16-cv-20271.

5. On February 22, 2016, Plaintiff moved to remand. In the Motion, Plaintiff expressly stated that it was not bringing a claim under 42 U.S.C. § 1395y(b)(3)(A). (DE 13 at 12, n.5.) Plaintiff argued that it had stated causes of action only for breach of contract and "d[id] not seek relief pursuant to any federal causes of action." (DE 13 at 6.) In its reply in support of the Motion, Plaintiff again stated it did not seek relief or make a claim under 42 U.S.C. § 1395y(b)(3)(A). (DE 21 at 2, 6.)

6. On July 14, 2016, this Court remanded the case to state court, finding Plaintiff alleged only state law claims. (DE 50.)

7. On June 22, 2017, Plaintiff filed, in state court, a "Motion to Transfer and Reassign Case to Judicial Division (06)." (Exhibit **"A"**) In it, Plaintiff states that it is pursuing "a private cause of action for double damages pursuant to 42 U.S.C. § 1395y(b)(3)(A)." Plaintiff also states that an issue to be decided in this case is whether "Plaintiff is entitled to double damages pursuant to Section 1395y(b)(3)(A) of the MSP Act in the case where Defendant as the primary plan fails to provide for primary payment and/or appropriate reimbursement." The Motion also attaches a chart where Plaintiff states that it pursues a cause of action against Liberty Mutual under § 1395y(b)(3)(A).

8. This Notice of Removal is filed within 30 days of receipt of the Motion, pursuant to 28 U.S.C. §1446(b)(3). *See Chaganti & Associates, P.C. v. Nowotny*, 470 F.3d 1215, 1220-21 (8th Cir. 2006).

9. 28 U.S.C. § 1446(a) requires Liberty Mutual to file copies of all process, pleadings, and orders served upon it. Those documents are attached hereto as Exhibit **"B"**.

10. This case is removed to the United States District Court for the Southern District of Florida, Miami Division because the State Court action was brought in Miami-Dade County, Florida. 28 U.S.C. §§ 1441(a); 1446(a).

**II. Jurisdiction**

11. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a).

12. This Court has federal question jurisdiction over claims brought under 42 U.S.C. § 1395y(b)(3)(A). *See e.g., Brown v. U.S. Steel Corp.*, No. 10-780, 2010 WL 4388075, at *1 (W.D. Pa. 2010).

13. Because this Court has subject matter jurisdiction, it may exercise supplemental jurisdiction over all other claims. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005); *see also* 28 U.S.C. § 1367.[1] Liberty Mutual requests that this Court exercise supplemental jurisdiction over all claims.

**III. Conclusion**

14. Liberty Mutual removes this case to the United States District Court for the Southern District of Florida.

15. Liberty Mutual demands trial by jury on all issues so triable.

---

[1] Liberty Mutual notes that it appears to be the preferred course to plead supplemental jurisdiction in the notice of removal, even if doing so is not mandatory. *Aldrich v. Univ. of Phoenix, Inc.*, 3:15-CV-00578-JHM, 2015 WL 5923594, at *6 (W.D. Ky. 2015) ("Here, Defendant did not specifically plead supplemental jurisdiction in its Notice of Removal. While not ideal for pleading purposes, this misstep does not render supplemental jurisdiction unavailable as Plaintiff proposes.")

3

16. Promptly after filing this notice of removal, Liberty Mutual will give written notice to all adverse parties and will file a copy of this notice with the clerk of the State Court, pursuant to 28 U.S.C. §1446(d).

BUTLER WEIHMULLER KATZ CRAIG LLP

_____
DAVID B. KROUK, ESQ.
Florida Bar No.: 0949840
Email: dkrouk@butler.legal
MATTHEW J. LAVISKY, ESQ.
Florida Bar No.: 0048109
Email: mlavisky@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

John H, Ruiz, Esq.
Frank C. Quesada, Esq.
MSP Recovery Law Firm
5000 S.W. 7th Avenue, Suite 400
Miami, FL 33155

by U.S. Mail on July 7, 2017.

_____
MATTHEW J. LAVISKY, ESQ.