UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-22539-CIV-WILLIAMS

MSPA CLAIMS 1, LLC, *et al.*,

    Plaintiffs,

vs.

LIBERTY MUTUAL FIRE INS. CO.,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendant Liberty Mutual Fire Insurance Company's ("Defendant") motion to dismiss the Plaintiffs' ("Plaintiffs") third amended complaint for lack of subject matter jurisdiction and failure to state a claim (DE 51), to which Plaintiffs filed a response in opposition (DE 58), and to which Defendant filed a reply (DE 60). For the reasons set forth below, Defendant's motion to dismiss (DE 51) is **GRANTED WITH PREJUDICE**[1] and this case is **DISMISSED** for lack of subject matter jurisdiction.

**I.    BACKGROUND**

---

[1] As the Court in *MSP Recovery Claims, Series LLC v. Auto-Owners Ins. Co.*, No. 17-23841-PAS, 2018 WL 1953861 (S.D. Fla. Apr. 25, 2018) noted, "[s]tanding is a threshold question that the Court must address to ensure it has subject-matter jurisdiction over the claim. While the Consolidated Complaint pleads additional facts compared to the original complaints, the allegations still fail to establish Plaintiff has standing as recognized under the MSPA." *Auto-Owners*, 2018 WL 1953861, at *1. The facts of this case are similar to those in *Auto-Owners*, including the fact that Plaintiffs—which are the same plaintiffs in *Auto-Owners*—have had multiple opportunities to amend their complaint.

Therefore, because Plaintiffs fail to allege standing to sue and this Court has already provided Plaintiffs with multiple opportunities to properly plead their claims, the motion to dismiss is granted with prejudice.

1

This lawsuit arises under the Medicare Secondary Payer ("MSP") provisions of the Medicare Act, 42 U.S.C. § 1395y *et seq*. Plaintiffs' class action complaint against Defendant is one of numerous similar actions filed by Plaintiffs in courts across the country.[2] Plaintiffs are a collection of entities "whose business model involves obtaining assignments from Medicare Advantage Organizations [("MAOs")], first-tier entities, and downstream entities to recover reimbursement for payments made for the medical expenses of Medicare beneficiaries that should have been made by a private insurer pursuant to the Medicare Secondary Payer Act (MSPA)." *Auto-Owners*, 2018 WL 1953861, at *1 (citing 42 U.S.C. § 1395y(b)). Plaintiffs filed this class action as the assignee of three separate entities—Florida Healthcare Plus ("FHCP"), Health First Administrative Plans, Inc. ("HFAP") and Interamerican Medical Center Group, LLC ("IMCG")—to seek reimbursement from Defendant pursuant to the MSPA. Thus, as the Court in *Auto-Owners* noted, the threshold issue this Court must consider is whether

---

[2] *See, e.g.*, *MAO-MSO Recovery II, LLC v. Am. Family Mut. Ins. Co.*, No. 17-CV-175-JDP, 2018 WL 835160, at *1 (W.D. Wis. Feb. 12, 2018); *MAO-MSO Recovery II, LLC v. Gov't Employees Ins. Co.*, No. PWG-17-711, 2018 WL 999920, at *7 (D. Md. Feb. 21, 2018); *MAO-MSO Recovery II, LLC v. USAA Cas. Insuranc Co.*, No. 17-20946-CIV, 2018 WL 295527, at *1 (S.D. Fla. Jan. 3, 2018); *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, 281 F. Supp. 3d 1309 (S.D. Fla. 2017); *MAO-MSO Recovery II, LLC v. Mercury Gen.*, No. CV 17-2557-AB (FFMX), 2017 WL 5086293, at *1 (C.D. Cal. Nov. 2, 2017); *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, No. 217CV02522CASPLAX, 2017 WL 5634097, at *1 (C.D. Cal. Nov. 20, 2017); *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 212 F. Supp. 3d 1250 (S.D. Fla. 2016), *appeal dismissed*, No. 17-11273-JJ, 2017 WL 4386453 (11th Cir. Sept. 19, 2017); *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, No. 1:16-CV-20459-KMM, 2016 WL 4157592, at *1 (S.D. Fla. Aug. 3, 2016), *reconsideration denied*, No. 1:16-CV-20459-KMM, 2017 WL 1289321 (S.D. Fla. Mar. 31, 2017), *appeal dismissed* (Sept. 19, 2017); *MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*, No. 16- 20271-CIV, 2016 WL 3751481, at *1 (S.D. Fla. July 14, 2016); *MSP Recovery, LLC v. Progressive Select Ins. Co.*, 96 F. Supp. 3d 1356 (S.D. Fla. 2015).

these entities "ha[ve] standing under the private cause of action in the MSPA, § 1395y(b)(3)(A)." *Auto-Owners*, 2018 WL 1953861, at *1.

Defendant argues, among other things, that Plaintiffs lack standing to bring this case because (a) "the Complaint does not allege that any of the putative assignors are (1) a Medicare beneficiary; (2) an MAO; or a (3) direct healthcare provider to the Medicare beneficiary;" (b) the "original plaintiff, MSPA Claims I, LLC ("MSPA [Claims]"), lacked standing when the lawsuit was filed . . . [and] cannot amend to add new plaintiffs;" and (c) "the Complaint does not support that Plaintiffs have standing under the putative assignments because, among other reasons, the agreements are not assignments." (DE 51 at 2). Defendant also presents several other arguments as to why Plaintiffs have failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) but, because this case must be dismissed for lack of subject matter jurisdiction, we need not address the merits of Defendant's other arguments.

As the alleged assignee of FHCP, HFAP, and IMCG (the "Assignors"), Plaintiffs bring three representative claims. (DE 49 at 5-7). B.T., M.H., and S.T. were Medicare beneficiaries (the "Beneficiaries") who were enrolled in Medicare Advantage plans managed by FHCP, FHAP, and IMCG, respectively. *Id.* Plaintiffs further allege that the Assignors paid for the Beneficiaries' respective medical expenses and that Defendant, as a primary payer, should have paid for the expenses or reimbursed the Assignors for the expenses, but failed to do so. *Id.* Plaintiffs allege that the Assignors each assigned their rights to recover conditional payments made on behalf of Medicare beneficiaries to Plaintiffs. *Id.*

The recovery agreements and assignment documents filed with Plaintiffs' third amended complaint—pursuant to which the Assignors purportedly assigned their claims to Plaintiffs—contain boilerplate language identical to the documents filed by Plaintiffs in other suits describing each of the Assignors broadly as a "Health Maintenance Organization, Maintenance Service Organization, Independent Practice Association, Medical Center, and/or other health care organization and/or provider . . . ." (DE 49-H; DE 49-L; DE 49-N). These documents are similar, if not identical, to the documents provided in similar cases, including *Auto-Owners*, 2018 WL 1953861, *State Farm*, 2018 WL 2392827, and *MSPA Claims 1, LLC v. United Auto. Ins. Co.*, No. 1:16-cv-20486-KMW (S.D. Fla. Aug. 29, 2016).

Plaintiffs seek double damages under Section 1395y(b)(3)(A) because of Defendant's alleged failure to reimburse Plaintiffs' purported Assignors and damages for breach of contract for "failure to pay PIP benefits." (DE 49 at 30-31).

## II. STANDARD OF REVIEW

### a. Subject Matter Jurisdiction

A challenge to subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be presented as either a facial or factual attack. *McElmurray v. Consol. Gov't of August-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, which the district court takes as true when considering the motion. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). In contrast, factual attacks challenge the existence of subject matter jurisdiction in fact, and in such cases "no presumptive truthfulness attaches to plaintiff's allegations." *Id.* The Eleventh Circuit has held that "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the

evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Because standing is "not [a] mere pleading requirement[ ] but rather an indispensable part of the plaintiff's case, [it] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992).

Article III standing has three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (citing *Lujan*, 504 U.S. at 560-61)). To satisfy the first "injury" element, the plaintiff must demonstrate that the injury affects the plaintiff in a personal and individual way. *Id.* at 1548; *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (standing requires that the plaintiff "personally has suffered some actual or threatened injury"). Here, to demonstrate injury in fact, Plaintiffs must plead facts showing (1) that each Assignor itself suffered an injury in fact (*i.e.*, the Assignor was not reimbursed for its enrollees' medical expenses by defendant who was responsible for primary payment under the MSPA); and (2) that the alleged Assignor validly assigned its rights of recovery to Plaintiffs. *See MAO–MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, No. 1:17-CV-21996-UU, 2017 WL 4682335, at *4 (S.D. Fla. Oct. 10, 2017).

"Article III standing must be determined as of the time at which the plaintiff's complaint is filed." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570,

112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("[S]tanding is to be determined as of the commencement of suit."); *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 212 F. Supp. 3d 1250, 1258 (S.D. Fla. 2016), *appeal dismissed*, No. 17-11273-JJ, 2017 WL 4386453 (11th Cir. Sept. 19, 2017); *MSPA Claims 1, LLC v. Infinity Auto Ins. Co.*, 204 F. Supp. 3d 1346, 1348 (S.D. Fla. 2016) (noting that "standing cannot be created after a complaint has been filed; it must exist at the time of the filing of the complaint"); *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, 281 F. Supp. 3d 1309 (S.D. Fla. 2017) (dismissing the case on the grounds that plaintiffs lacked standing when the suit was filed).

### b. The Medicare Secondary Payer Act ("MSPA") and Medicare Advantage Organizations

The Court in *Auto-Owners* set forth a thorough history of the MSPA:

> Congress enacted the Medicare Act in 1965 to establish a health insurance program for the elderly and disabled. At that time, Medicare paid for medical expenses even when Medicare beneficiaries were also enrolled in third-party insurance policies that covered those same costs. *See MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1354 (11th Cir. 2016). In an effort to reduce costs, Congress passed the MSPA in 1980 which made Medicare the secondary payer, rather than the primary payer, for medical services provided to its beneficiaries when they are covered for the same services by a private insurer. *See* § 1395y(b)(2). Thus, the private insurer becomes the primary payer, as defined by the statute, for medical services. However, when a primary payer cannot be expected to make a payment for a service promptly, Medicare may make conditional payments. § 1395y(b)(2)(B)(i). Once notified of its responsibility for a payment, a primary payer must reimburse Medicare for any payment made within 60 days. § 1395y(b)(2)(B)(ii). In an effort to enforce this scheme, the MSPA created a private cause of action for double damages when a primary plan fails to provide payment. *See* § 1395y(b)(3)(A).

*Auto-Owners*, 2018 WL 1953861, at *1. Further, Part C of the Medicare Act allows Medicare enrollees to obtain their Medicare benefits through private insurers, called Medicare Advantage Organizations ("MAOs"), instead of receiving direct benefits from the government under Parts A and B. 42 U.S.C. § 1395w-21(a); *see also MAO-MSO Recovery II, LLC, et al., v. State Farm Mutual Automobile Ins. Co.*, No. 1:17-CV-01541-JBM-JEH, 2018 WL 2392827, at *2 (C.D. Ill. May 25, 2018). "The MSP makes Medicare insurance secondary to any 'primary plan' obligated to pay a Medicare recipient's medical expenses, including a third-party tortfeasor's automobile insurance." *State Farm*, 2018 WL 2392827, at *2 (quoting *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1152 (9th Cir. 2013) (citing § 1395y(b)(2)(A))). "In other words, Medicare serves as a back-up insurance plan to cover that which is not paid for by a primary insurance plan." *State Farm*, 2018 WL 2392827, at *2 (quoting *Caldera v. Ins. Co. of the State of Pa.*, 716 F.3d 861, 863 (5th Cir. 2013)). The Medicare Act provides that Medicare cannot pay medical expenses when "payment has been made or can reasonably be expected to be made under . . . an automobile or liability insurance policy or plan . . . or no fault insurance." *Id.* (quoting § 1395y(b)(2)(A)(ii)).

Section 1395y(b)(3)(A) of the MSPA provides a private cause of action against primary payers who do not reimburse secondary payers for conditional payments made to Medicare beneficiaries. *State Farm*, 2018 WL 2392827, at *3. The Eleventh and Third Circuits have held that subsection (3)(A) permits an MAO to sue a primary plan that fails to reimburse an MAO's secondary payment. *See Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1238 (11th Cir. 2016); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 685 F.3d 353, 355 (3d Cir. 2012). In the wake of those decisions,

"district courts around the country have followed suit." *State Farm*, 2018 WL 2392827, at *3 (citing *Humana Ins. Co. v. Paris Blank LLP*, 187 F. Supp. 3d 676, 681 (E.D. Va. 2016); *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 94 F. Supp. 3d 1285, 1290-91 (S.D. Fla. 2015); *Cariten Health Plan, Inc. v. MidCentury Ins. Co.*, No. 14-476, 2015 WL 5449221, *5-6 (E.D. Tenn. Sept. 1, 2015); *Collins v. Wellcare Healthcare Plans, Inc.*, 73 F. Supp. 3d 653, 664-65 (E.D. La. 2014); *Humana Ins. Co. v. Farmers Tex. Cnty. Mut. Ins. Co.*, 95 F. Supp. 3d 983, 986 (W.D. Tex. 2014)).

### III. DISCUSSION

Plaintiffs are not MAOs, Medicare beneficiaries, or direct health care providers. Rather, as in other cases involving the same Plaintiffs and the same causes of action, Plaintiffs allege that they have obtained claims for reimbursement via assignments from the Assignors. In order to demonstrate a valid assignment, and therefore a valid right to pursue these claims, Plaintiffs provided the Court with the recovery agreements and assignment agreements discussed in Section I above. (DE 49-H; DE 49-L; DE 49-N). Plaintiffs, however, are not a party to all of these contracts.

Defendant argues that this case should be dismissed because Plaintiff MSPA Claims lacked standing at the time the lawsuit was filed. (DE 51 at 6). Defendant supports this argument by contending that because "MSPA originally sued as an alleged assignee of FHCP," (DE 6-46 at 1), "whether MSPA has standing depends on whether MSPA in fact received a valid assignment from FHCP." (DE 51 at 6) (citing *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 212 F. Supp. 3d 1250, 1256 (S.D. Fla. 2016)). Defendants argues that MSPA Claims lacks standing for four reasons: "First, the alleged assignments to MSPA were not approved by FHCP. Second, the "assignment" from

8

FHCP to La Ley Recovery Systems, Inc. ("La Ley") terminated before this action was filed. Third, the "assignment" from FHCP to La Ley is not an "assignment" at all [because] [i]t is an independent contractor collection agreement which did not confer standing on MSPA. Fourth, MSPA cannot acquire standing after it filed this lawsuit." (DE 51 at 6).

The Court agrees with Defendant. Plaintiffs do not have standing to bring this suit for two reasons: first, Plaintiff MSPA Claims lacked standing when this lawsuit was originally filed and, thus, cannot amend in an attempt to confer standing on the newly-added Plaintiffs; second, Plaintiffs have failed to allege facts sufficient to show that any of the alleged Assignors have standing under the MSPA.

### A. Plaintiff MSPA Claims lacked standing at the time this action was filed

MSPA Claims first brought this lawsuit as an alleged assignee of FHCP. (DE 6-2 at 1). Various courts in this District have addressed Plaintiff's standing as a purported assignee of FHCP and have found that Plaintiff MSPA Claims "lacks standing to assert FHCP's claims because it has not been validly assigned the right to do so." *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 212 F. Supp. 3d 1250, 1256 (S.D. Fla. 2016), *appeal dismissed*, No. 17-11273-JJ, 2017 WL 4386453 (11th Cir. Sept. 19, 2017) (citing *MSPA Claims 1, LLC v. Infinity Auto Ins. Co.*, 204 F.Supp.3d 1346, 1347 (S.D. Fla. 2016); *MSPA Claims 1, LLC v. United Auto. Ins. Co.*, 204 F.Supp.3d 1342, 1344 (S.D. Fla. 2016); *MSPA Claims 1, LLC v. First Acceptance Ins. Co.*, Case No. 16–20314–CIV–WILLIAMS, 2016 WL 4523850, at *2 (S.D. Fla. Aug. 29, 2016); *MSPA Claims 1, LLC v. Nat'l Specialty Ins. Co.*, Case No. 16–20401–Civ–COOKE/TORRES, 2016 WL 4479372, at *2 (S.D. Fla. Aug. 25, 2016); *MSPA Claims 1, LLC. v. Tower Hill Prime Ins. Co.*, CASE #1:16–cv–20460–KMM, 2016 WL 4157593, at *1 (S.D. Fla. Aug. 3, 2016); *MSPA Claims

*1, LLC v. Tower Hill Prime Ins. Co.*, CASE #: 1:16–cv–20459–KMM, 2016 WL 4157592, at *1 (S.D. Fla. Aug. 3, 2016); *MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, CASE NO. 16–20212–CIV–KING, 2016 WL 4154266, at *2 (S.D. Fla. July 28, 2016)).

The facts surrounding FHCP's purported assignment to MSPA Claims are the same in each of these cases, and are set forth in one of this Court's prior orders dismissing a similar case for the same reason, *MSPA Claims 1, LLC v. United Auto. Ins. Co.*, 204 F. Supp. 3d 1342, 1344 (S.D. Fla. 2016) ("*MSPA v. United*"). Here, as in *MSPA v. United*, Plaintiff MSPA Claims argues that it has standing to bring its claims because FHCP assigned its rights to an entity called La Ley Recovery Systems, Inc. ("La Ley"), which in turn assigned them to Plaintiff. *Id.* The agreement purportedly assigning rights from FHCP to La Ley is attached to Plaintiff's third amended complaint as Exhibit H ("La Ley Agreement") and the agreement purportedly assigning rights from La Ley to Plaintiff MSPA Claims is attached as Exhibit I ("Plaintiff's Assignment Agreement"). (DE 49-H; DE 49-I). The La Ley Agreement contains the following provision:

> 1.2 Term: The term of this Agreement shall be for one (1) year from the date of execution herewith, with an automatic renewal for an additional one (1) year period unless terminated at any time by the parties with ninety (90) day prior written notification. **La Ley Recovery may assign the Agreement in whole or in part but the assignee must be approved by the Client**.

(DE 49-H at 3). The La Ley Agreement defines "Client" as FHCP. *Id.* at 2.

In this case, as in *MSPA v. United*, the third amended complaint fails to allege that FHCP approved Plaintiff's assignment. Thus, based on Defendant's facial challenge, Plaintiff does not have standing to bring this action because it does not hold a valid assignment. *See MSPA v. United* (citing *MSPA Claims 1, LLC v. Nat'l Specialty Ins. Co.*,

10

*et al.*, No. 16-CV-20401-MGC, DE 61 (S.D Fla. Aug. 25, 2016); *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, No. 16-CV-20459-KMM, DE 42 (S.D. Fla. Aug. 3, 2016); *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, 16-CV-20460-KMM, DE 27 (S.D. Fla. Aug. 3, 2016); *MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, No. 16-CV-20212-JLK, DE 35 (S.D. Fla. July 27, 2016)).

The Court further finds, as it did in *MSPA v. United*, that Defendant's factual challenge to Plaintiff's standing as an assignee is also meritorious. La Ley and Florida's Department of Financial Services ("DFS"), in its capacity as FHCP's receiver, engaged in a lengthy dispute regarding the La Ley Agreement. Specifically, in the order appointing DFS as FHCP's receiver, which is dated December 10, 2014, DFS repudiated the La Ley Agreement. (DE 6-42 at 46). DFS then repeatedly repudiated the La Ley Agreement by letters dated February 5, 2015, April 23, 2015, and June 10, 2015. (DE 6-42 at 94, 122-124). Any doubt that DFS approved Plaintiff's Assignment, which is dated February 20, 2015, is eviscerated by DFS's April 23, 2015 and June 10, 2015 letters, and finally DFS's September 18, 2015 petition to the receivership court asking it to enjoin La Ley and any assignees or affiliates from any further collection activity based on the La Ley Agreement. (DE 23-1).

Because Plaintiffs have not shown that MSPA Claims had standing—by virtue of FHCP assigning its claims to La Ley, which in turn allegedly assigned them to MSPA Claims—Plaintiff MSPA Claims lacks standing to bring any claims on behalf of FHCP as its assignee. "Article III standing must be determined as of the time at which the plaintiff's complaint is filed." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F. 3d 1263, 1275 (11th Cir. 2003); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570

(1992) ("[S]tanding is to be determined as of the commencement of suit."); *Live Entm't, Inc. v. Digex, Inc.*, 300 F. Supp. 2d 1273, 1279-80 (S.D. Fla. 2003) (dismissing case for lack of standing where plaintiff could not demonstrate it was either a party to a contract or a valid assignee); *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987) ("Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation."); *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282-83 (5th Cir.1981) (holding that where a plaintiff did not have standing to assert a claim against the defendants, it likewise "does not have standing to amend the complaint and control the litigation . . . ").

### B. Plaintiffs have failed to adequately allege that any purported assignor has standing

In their response to the motion to dismiss, Plaintiffs allege that FHCP, HFAP, and IMCG "all are MAOs or direct healthcare providers." (DE 58 at 3).

#### i. FHCP

First, as numerous other courts in this District have noted, FHCP is not an MAO or a direct healthcare provider but, rather, "a now-defunct health maintenance organization." *See, e.g.*, *MSPA Claims 1, LLC v. United Auto. Ins. Co.*, No. 1:16-cv-20486-KMW (S.D. Fla. Aug. 29, 2016). Further, as set forth above in Section III.A, the purported assignment of claims by FHCP to La Ley and in turn from La Ley to Plaintiff MSPA Claims, is insufficient to confer standing on MSPA Claims even if FHCP were an entity that itself had standing.

#### ii. HFAP

As for HFAP, this Court, and other courts in this District, have explained that the Plaintiffs' attempts to characterize HFAP as an MAO are disingenuous. *See, e.g., MSP*

*Recovery Claims, Series LLC v. Travelers Cas. and Surety Co.*, No. 1:17-cv-23628-KMW (S.D. Fla. June 19, 2018) (finding that HFAP was not an MAO and thus had no standing under the MSPA to confer on the plaintiff); *MSP Recovery Claims, Series LLC v. Auto-Owners Ins. Co.*, No. 17-23841-PAS, 2018 WL 1953861 (S.D. Fla. Apr. 25, 2018) (same); *MAO-MSO Recovery II, LLC, et al., v. State Farm Mutual Automobile Ins. Co.*, No. 1:17-CV-01541-JBM-JEH, 2018 WL 2392827, at *2 (C.D. Ill. May 25, 2018) (same). As Plaintiffs clearly state in their response to the motion to dismiss, HFAP is not an MAO, but is an entity that "manages the financial assets of its affiliate Health First Health Plans, Inc., which is an MAO." (DE 58 at 6).

### iii. IMCG

Finally, regarding IMCG, the recovery agreement Plaintiffs attached to the third amended complaint, (DE 49-N at 8), is between MSP Recovery, LLC—an entity that is not a party to this lawsuit—and "IMC." *Id.* The Court cannot determine whether the IMC written on the recovery agreement is the entity that Plaintiffs allege is one of the Assignors, but even assuming "IMC" is the Interamerican Medical Center Group, LLC, this document is still inadequate to demonstrate standing. This is because the recovery agreement states that "MSP Recovery may assign this Agreement in whole or in part, but the assignee must be approved by the Client [IMC] in writing." (DE 49-N at 13). Because the third amended complaint fails to allege that "IMC," assuming that entity is the same as the alleged Assignor, IMCG, ever approved an assignment to MSPA Claims, the original Plaintiff in this case, MSPA Claims "does not have standing to bring this action because it does not hold a valid assignment." *See MSPA Claims 1, LLC v. United Auto. Ins. Co.*, 204 F. Supp. 3d 1342, 1345 (S.D. Fla. 2016) (citing *MSPA Claims 1, LLC v. Nat'l*

13

*Specialty Ins. Co., et al.,* No. 16-CV-20401-MGC, DE 61, 2016 WL 4479372 (S.D. Fla. Aug. 25, 2016); *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.,* No. 16–CV–20459–KMM, DE 42, 2016 WL 4157592 (S.D. Fla. Aug. 3, 2016); *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.,* 16–CV–20460–KMM, DE 27, 2016 WL 4157593 (S.D. Fla. Aug. 3, 2016); *MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.,* No. 16–CV–20212–JLK, DE 35, 2016 WL 4154266 (S.D. Fla. July 27, 2016)).

Because Plaintiffs have failed to adequately allege that the Assignors are entities with standing to sue under Eleventh Circuit precedent,[3] the Assignors had no standing to confer on Plaintiffs via the purported assignment of rights and, thus, Plaintiffs also lack standing to bring this lawsuit.

In *Auto-Owners*, the Court stated that "[w]hile Plaintiff's theory is that § 1395y(b)(3)(A) allows *any private entity* to bring a claim, the Eleventh Circuit has determined that § 1395y(b)(3)(A) is not a *qui tam* statute that authorizes any private person to sue on behalf of the government." *Auto-Owners*, 2018 WL 1953861, at *3 (citing *Allstate,* 835 F.3d at 1363, at n.3). "Rather, § 1395y(b)(3)(A) allows a private party to sue only where that party itself has suffered an injury under the statute." *Id.* The statutory language creating the private cause of action states:

> There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A).

---

[3] *See Humana v. Medical Plan Inc. v. Western Heritage Ins. Co.*, 832 F.3d 1229 (11th Cir. 2016) (holding that (1) MAOs have standing to sue under the MSPA because MAOs suffer an injury in fact when they make conditional payments, just like traditional Medicare, (2) Medicare beneficiaries can bring a claim under the MSPA for their medical costs paid by Medicare, and (3) health care providers that directly treated a Medicare beneficiary and were paid a reduced amount by Medicare can sue under the MSPA).

14

§ 1395y(b)(3)(A). "Because the statute is silent, courts have interpreted the meaning of "private cause of action" to identify who may assert a claim. *Auto-Owners*, 2018 WL 1953861, at *4. The *Auto-Owners* Court interpreted applicable Eleventh Circuit precedent and held that to have standing to bring a claim under Section 1395y(b)(3)(A) of the MSPA, "a plaintiff must be: (1) an MAO who has made a conditional payment for health care services to a Medicare beneficiary; (2) a Medicare beneficiary whose healthcare services were paid by Medicare; or (3) a direct health care provider who has not been fully paid for services provided to a Medicare beneficiary." *Id.*; *see also MSP Recovery Claims, Series LLC v. Sentry Cas. Co.*, No. 17-23979-Civ-COOKE (Jul. 13, 2018 S.D. Fla.) (adopting the analysis in *Auto-Owners* and granting the defendant's motion to dismiss on the basis that plaintiff lacked adequate standing to proceed). Further, "[i]f a plaintiff falls into one of these categories, it then must show: (1) an injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely that the injury will be redressed favorably." *Auto-Owners*, 2018 WL 1953861, at *4 (citing *Lujan*, 504 U.S. at 561; *Humana*, 832 F.3d 1229; *Glover v. Liggett Group, Inc.*, 459 F.3d 1304 (11th Cir. 2006); *Mich. Spine & Brain Surgeons, PLLC v. State Farm Mut. Auto. Ins. Co.*, 758 F.3d 787, 790 (6th Cir. 2014)). The *State Farm* Court relied on the reasoning from *Auto-Owners* to find, as the Court in *Auto-Owners* found, that because the alleged MAO assignor "has not been assigned any rights from [a separate MAO] to pursue claims under § 1395y(b)(3)(A), Plaintiff MSP Recovery Claims, Series, LLC also has no rights to pursue claims under § 1395y(b)(3)(A)." *State Farm*, 2018 WL 2392827, at *6.

Here, as in *Auto-Owners* and *State Farm*, Plaintiffs have failed to sufficiently allege that the Assignors have standing under § 1395y(b)(3)(A). As noted in *Auto-Owners*, this

is a "fatal defect" because "Plaintiff's assignors simply are not within the purview of parties who can bring a claim under § 1395y(b)(3)(A)." *Auto-Owners*, 2018 WL 1953861, at *6. Because none of the Assignors are an MAO, a Medicare beneficiary, or a medical provider that directly treated the Medicare beneficiaries in these claims, and thus lack standing to bring a private cause of action under the MSPA, Plaintiffs also lack standing to bring a claim under Section 1395y(b)(3)(A) based on the purported assignment of rights from the Assignors.

### IV.   CONCLUSION

For the reasons set forth above, the Court finds that Plaintiffs have failed to establish subject matter jurisdiction. Federal Rule of Civil Procedure 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's motion to dismiss (DE 51) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.[4] All pending motions are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 31st day of July, 2018.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[4] As the Court in *State Farm* noted, "typically, when cases are dismissed for lack of subject matter jurisdiction, dismissal is without prejudice." *State Farm*, 2018 WL 2392827, at *8, n.7. However, as in *State Farm*, the Court here cannot "perceive how Plaintiffs could amend their allegations in good faith to overcome the lack of subject matter jurisdiction." *Id.* Further, the Eleventh Circuit has held that courts "need not allow an amendment when there has been 'repeated failures to cure deficiencies' by previously allowed amendments." See *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).