## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-22539-CV-WILLIAMS/TORRES

MSPA CLAIMS 1, LLC, *et al.*,

    *Plaintiffs*,

v.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY, *et al.*,

    *Defendants*.

_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on Defendants' motion for judgment on the pleadings. [D.E. 152]. The motion has been fully briefed, and the Honorable Kathleen M. Williams has referred it to the undersigned for a Report and Recommendation. [D.E. 157, 158, 159]. Therefore, the motion is now ripe for disposition. After careful consideration of the motion, response, reply, and relevant authority, and for the reasons discussed below, Defendants' motion should be **DENIED**.

1

### I.   BACKGROUND

This lawsuit arises from the Medicare Secondary Payer Act, which is codified at 42 U.S.C. § 1395y (the "Act"). Among other things, the Act creates a coordination of benefits regime wherein automobile insurers, like Defendants, are the "primary" payer for certain types of medical services and Medicare Advantage Organizations are the "secondary" payer for those services. If a secondary payer covers the cost of medical services that should have been paid by a primary payer, the Act permits the secondary payer to instigate an action for the recovery of those payments. Plaintiffs purport to be companies that have acquired assignments of claims from secondary payers who made conditional payments for medical services and now seek recovery under the Act from the alleged primary payers – i.e., Defendants.

Plaintiffs' corrected fourth amended complaint is the operative complaint. [D.E. 136]. It alleges three "exemplar" claims wherein, following an automobile accident, Plaintiffs' assignors made conditional payments for medical services that should have been reimbursed by Defendants under the Act. *Id.* at ¶¶ 8-20. The operative complaint also incorporates by reference Exhibit A, which is a redacted list of more than 500 instances that, according to Plaintiffs, may illustrate similar reimbursement failures. *Id.* at ¶ 4, 8, 23.

Defendants answered the operative complaint, denying many of its material allegations. [D.E. 139]. Subsequently, Defendants filed this motion for judgment on the pleadings. They submit that they are entitled to judgment under Federal Rule of Civil Procedure 12(c) for several reasons: (1) the operative complaint fails to state a claim for relief with respect to the "exemplar" claims; (2) the operative

2

complaint fails to adequately allege the satisfaction of a condition precedent; (3) the operative complaint fails to plausibly allege standing for the Exhibit A claims; and (4) the operative complaint fails to state of a claim for relief with respect to the claims detailed in Exhibit A.  For the reasons discussed below, and although Defendants' arguments may prove meritorious at a later stage of the case, the Court is persuaded that a Rule 12(c) motion is not the procedural vehicle through which Defendants may obtain the relief they seek.

## II.   ANALYSIS

Under Rule 12(c), judgment on the pleadings is proper when no issues of material fact exist and the movant is entitled to judgment as a matter of law.  *See Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996).  Put another way, a Rule 12(c) motion disposes of a case when the facts are not in dispute and the decision can turn on the competing pleadings.  *See Bankers Ins. Co. v. Florida Residential Property and Casualty Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) ("If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied.").  A court must accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party.  *See Interline Brands, Inc. v. Chartis Specialty Ins. Co.*, 749 F.3d 962, 965 (11th Cir. 2014) (internal citation omitted).  A judgment on the pleadings "only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367

(3d ed.). The pleadings that may be considered by the court include the complaint, answers, and any attached exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

Here, Defendants seek judgment on the pleadings because, in their view, the operative complaint fails to plausibly allege a claim upon which relief can be granted with respect to both the exemplar and the Exhibit A claims. Defendants also submit that Plaintiffs have failed to plausibly allege standing for the Exhibit A claims. Finally, Defendants argue that the operative complaint fails to plausibly allege the satisfaction of a condition precedent. Defendants' arguments do not appear to be meritless, but they do appear to be foreclosed by the procedural posture we are in. To reiterate, the Eleventh Circuit has warned that "[i]f a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings *must* be denied." *Perez*, 774 F.3d at 1335 (emphasis added).

To state a claim under the Act, a plaintiff must plausibly plead the following elements: (1) the defendant's status as a primary payer; (2) the defendant's failure to provide for primary payment or appropriate reimbursement; and (3) the damages amount. *MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1302 (11th Cir. 2022). Here, Plaintiffs filed a 123-paragraph complaint with 16 incorporated exhibits to satisfy that burden. [D.E. 136].

In response to the operative complaint, Defendants promptly filed their answer and therein disputed most of Plaintiffs' allegations. [D.E. 139]. Defendants denied, for example, that they failed to pay (or otherwise failed to reimburse Plaintiffs' relevant assignor) for medical services that they were obligated by law to pay. *Id*. at

4

¶¶ 11-12, 15-16, 19-20. Defendants also denied that Exhibit A comprises other instances where Defendants "may have paid nothing and failed to reimburse" the secondary payer for its conditional payments. *Id.* at ¶ 23. And Defendants have similarly denied that "[a]ll conditions precedent to this action have occurred, been performed, or have been waived, including meeting any purported threshold amount (to the extent that might be appliable)." *Id.* at ¶ 32. In sum, Defendants have disputed the material factual allegations that lie at the heart of their Rule 12(c) criticisms. This effectively undermines the procedural viability of their motion for judgment on the pleadings. And so, because our review of the parties' competing pleadings reveals disputes of material facts, the Court is obligated by binding precedent to deny Defendants' motion. *See Perez*, 774 F.3d at 1335; *Bankers Ins. Co.*, 137 F.3d at 1295 (noting that granting judgment on the pleadings is appropriate when "material facts are not in dispute").

Of course, just because fact issues may be prevalent on the face of the complaint and answer does not mean that a Rule 12(c) motion is always useless. Often such motions can address built in defenses (like statute of limitations or waiver defenses) that stem from the truthful and uncontestable factual allegations in a defendant's affirmative defenses. *See, e.g., Jardin De Las Catalinas Ltd. P'ship v. Joyner,* 766 F.3d 127, 132 (1st Cir. 2014). But that is not a circumstance that we are presented with. Instead, Defendants are focusing their attack on the lack of merit in the complaint's allegations despite controverting them in the answer. That we cannot entertain on a Rule 12(c) motion.

### *III.   CONCLUSION*

For the foregoing reasons, this Court **RECOMMENDS** that Defendant's motion for judgment on the pleadings [D.E. 152] be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 6th day of September, 2023.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge