**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 17-22539-CV-WILLIAMS/TORRES

MSPA CLAIMS 1, LLC, *et al.*,

    *Plaintiffs*,

v.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY, *et al.*,

    *Defendants*.

_____/

**REPORT AND RECOMMENDATION**
**ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendants' motion for summary judgment, [D.E. 200], that is fully briefed and ripe for adjudication.[1] As explained below, the claims alleged in this case are meritless and unsupported by the record on the motion. Accordingly, the motion should be **GRANTED** and the case should be **CLOSED**.

---

[1] On October 11, 2023, the Honorable Kathleen M. Williams referred Defendants' motion for summary judgment to the undersigned for a report and recommendation. [D.E. 203].

## I.  BACKGROUND

This lawsuit began in December 2015 when Plaintiffs sued Defendants in Florida state court to recoup allegedly unreimbursed medical expenses. Since then, it has wound its way through the state and federal courts for nearly a decade, resulting in a remarkable amount of motion practice and no fewer than five amended complaints. Ultimately, the problem for Plaintiffs is that, despite years of litigation, Plaintiffs failed to satisfy a statutory condition precedent before filing suit, the failure of which has dispositive effect on the case.

Defendants are insurance companies who offer no-fault automobile insurance policies in Florida, which are required by law to include personal injury protection ("PIP") benefits. *See* Fla. Stat. § 627.736(1). Plaintiffs are assignees of Medicare Advantage Organizations and other related downstream entities that allegedly made payments for medical expenses incurred by Medicare beneficiaries. Because these medical expenses allegedly stemmed from automobile accidents wherein the Medicare beneficiaries were also insured by Defendants, Plaintiffs essentially allege that Defendants' PIP benefits qualify Defendants as the primary payers for these medical expenses and, because Plaintiffs' assignors – i.e., secondary payers – made conditional payments for these expenses, Plaintiffs submit that they are due reimbursement from Defendants.

In an effort to alleviate the burden that insurance disputes like this place on the American judicial system, Florida has enacted a detailed framework that is designed to resolve such disputes without the involvement of the courts. Thus, before

2

Plaintiffs may file a lawsuit against Defendants to recoup unreimbursed medical expenses, Plaintiffs must first submit a pre-suit demand letter that complies with Section 627.736(10) of the Florida Statutes, which provides in relevant part the following.

> (10)   DEMAND LETTER.—
>
> (a)   As a condition precedent to filing any action for benefits under this section, written notice of an intent to initiate litigation must be provided to the insurer. Such notice may not be sent until the claim is overdue, including any additional time the insurer has to pay the claim pursuant to paragraph (4)(b).
>
> (b)   The notice must state that it is a "demand letter under s. 627.736" and state with specificity:
>
>> 1.   The name of the insured upon which such benefits are being sought, including a copy of the assignment giving rights to the claimant if the claimant is not the insured.
>
> * * *
>
> (c)   Each notice required by this subsection must be delivered to the insurer by United States certified or registered mail, return receipt requested. Such postal costs shall be reimbursed by the insurer if requested by the claimant in the notice, when the insurer pays the claim. Such notice must be sent to the person and address specified by the insurer for the purposes of receiving notices under this subsection. Each licensed insurer, whether domestic, foreign, or alien, shall file with the office the name and address of the designated person to whom notices must be sent which the office shall make available on its Internet website. The name and address on file with the office pursuant to s. 624.422 is deemed the authorized representative to accept notice pursuant to this subsection if no other designation has been made.

Fla. Stat. § 627.736(10); *see also Rivera v. State Farm Mut. Auto. Ins. Co.*, 317 So. 3d 197, 207 (Fla. 3d DCA 2021) ("[W]e hold that in order for an insured's pre-suit demand letter to comply with section 627.736(10), it must provide the exact information listed in the statute.").

The issue in this case focuses on the failure to satisfy this statutory prerequisite for filing the action. The action and Defendants' motion for summary judgment involves two types of claims: (1) the "exemplar" claims of B.T. and S.T., which are alleged in the body of the operative complaint; and (2) the "non-exemplar" claims, which are alleged in a redacted spreadsheet that includes more than 500 entries and is attached as "Exhibit A" to the operative complaint.

The undisputed record reflects that, with respect to the B.T. exemplar claim, Plaintiffs sent two demand letters to Defendants. [D.E. 189-1 at 191-97]. The first demand letter was sent in February 2015, but it did not attach a copy of the assignment that gave Plaintiffs the right to sue Defendants for reimbursement – an element of the demand letter that is required by Section 627.736(10)(b)(1). *Id.* at 192-97. The second pre-suit demand letter was sent on April 14, 2022, many years after litigation was initiated, and it was addressed to Defendants' litigation counsel in this case instead of Defendants' designated recipient – an element of the demand letter that is required by Section 627.736(10)(c). *Id.* at 191.

With respect to the S.T. exemplar claim, Plaintiffs sent only one demand letter to Defendants. *Id.* at 86-89. This pre-suit demand letter, which is dated September 28, 2021, was also sent years after litigation had been initiated and similarly failed to attach a copy of the assignment that gave Plaintiffs the right to sue Defendants for reimbursement. *Id.*

And with respect to the non-exemplar claims, Plaintiffs' corporate representative, Christopher Miranda, conceded at his deposition on August 22, 2023,

that he does not believe that Plaintiffs actually sent pre-suit demand letters for all of the 500+ claims alleged in Plaintiffs' Exhibit A spreadsheet. *Id.* at 101-04. Mr. Miranda qualified his testimony regarding the non-existence of non-exemplar demand letters by stating that he would have to consult Plaintiffs' records (or defer to Plaintiffs' counsel) to ascertain whether any demand letters had been sent. *Id.* But in their response to Defendants' motion for summary judgment, which was due nearly two months after Mr. Miranda's deposition, Plaintiffs offer no evidence whatsoever – aside from Mr. Miranda's speculation – to document whether any of the non-exemplar claims alleged in Exhibit A complied with the pre-suit demand letter requirement imposed on Plaintiffs by Florida law. [D.E. 208 at ¶¶ 30-33].

It is clear from our review of the record that Plaintiffs are unable to raise a genuine dispute of material fact regarding whether they complied with the pre-suit demand letter requirement imposed by Section 627.736(10). They did not. Factually, Plaintiffs concede as much but contend that such failures can be or have been cured and do not merit judgment against them. But Florida law therefore dictates that summary judgment should be entered in Defendants' favor.

## II.   ANALYSIS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those

5

>   made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 597 (1986).

In opposing a motion for summary judgment, the nonmoving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The existence of a mere "scintilla" of evidence in support of the nonmovant's position is insufficient; there must be evidence on which the jury could reasonably find for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, or upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citing *Matsushita*, 475 U.S. at 592-94).

At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. *See id.* at 248 ("Only disputes over facts that might

6

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ibid.*

 **A.**  **<u>Defendants are entitled to summary judgment on the exemplar claims.</u>**

There is no dispute that the demand letters sent by Plaintiffs in conjunction with the B.T. and S.T. exemplar claims are missing elements required by Section 627.736(10) of the Florida Statutes. And to reiterate, Florida law requires these demand letters to include the "exact information" prescribed by the statute. *Rivera*, 317 So. 3d at 207.

The first demand letter sent for the B.T. claim was timely; however, it is undisputed that the letter did not include a copy of the assignment as required by Section 627.736(10)(b)(1). Thus, as a matter of law, it failed to include the "exact information" prescribed by the statute. The first letter consequently fails to satisfy the condition precedent that Florida requires Plaintiffs to complete before bringing suit.

The second letter is also deficient because it is undisputed that it was addressed to the wrong recipient and sent many years *after* this lawsuit had commenced, violating Section 627.736(10)(c) and Section 627.736(10)(a) respectively.

It is also undisputed that the demand letter sent for the S.T. claim failed to include a copy of the assignment and was sent years after this lawsuit commenced, violating Section 627.736(10)(b)(1) and Section 627.736(10)(a) respectively.

The question presented based on these undisputed facts is what remedy is appropriate under Florida law. But that question has already been addressed by binding case law. "The correct remedy when a party has failed to comply with pre-suit notice requirements is summary judgment." *Rivera*, 317 So. 3d at 207. We are bound by this dispositive resolution of the issue from a Florida intermediate appellate court. We are bound to do so unless we determine that the Florida Supreme Court has or would disagree with that interpretation of Florida law. But we have no basis to make such a finding.

Indeed, the contrary is true because a plain reading of the statute compels the same conclusion. The appellate court in *Rivera* could not have reached a contrary conclusion given how the Florida Supreme Court has directed lower courts apply legislative requirements for bringing an action. Specifically:

> We have repeatedly stated that the central purpose of statutory interpretation is deciphering and giving effect to legislative intent. . . . That legislative intent is chiefly derived from the language of the statute itself. . . . When a statute's language is plain and unambiguous, there can be no resort to statutory construction. . . . This Court does not question the wisdom of a statute but instead applies the statute according to the Legislature's direction. Finally, this Court will only override the plain language of a statute "when there are cogent reasons for believing that the letter [of the statute] does not accurately disclose the [legislative] intent."

*Metro. Cas. Ins. Co. v. Tepper*, 2 So. 3d 209, 213 (Fla. 2009) (multiple citations omitted).

8

Based on this legal standard, the Supreme Court in *Tepper* enforced a condition precedent to filing a subrogation action on an underinsured motorist policy until final resolution of the underinsured motorist claim. That was required due to the plain language of the statute that could not be interpreted any other way. The same result follows in this case because this statutory language cannot be interpreted in any way other than how the court in *Rivera* applied it. And that means that this summary judgment motion must also be granted on the same basis.

### B. *Defendants are entitled to summary judgment on the non-exemplar claims.*

Aside from noting how their corporate representative qualified his disbelief regarding whether compliant demand letters were sent for the non-exemplar claims alleged in Exhibit A by stating that he would have to consult Plaintiffs' records to be sure, Plaintiffs provide the Court with *absolutely nothing* to evidence that demand letters were ever sent to Defendants – let alone whether those demand letters complied with Florida law.

Pursuant to *Celotex*, we find that Defendants have sufficiently discharged their burden of showing that there is an absence of evidence to support Plaintiffs' case insofar as the element of condition precedent satisfaction is concerned. *See Celotex*, 477 U.S. at 325. Defendants correctly highlight that Plaintiffs have a history of failing to comply with Section 627.736(10). And the testimony of Plaintiffs' corporate representative suggests that for some – if not all – of the non-exemplar claims alleged in Exhibit A, no compliant demand letters exist. In other words, Plaintiff's corporate representative merely speculates that some demand letters might exist. Because it

9

will be Plaintiffs' burden to prove at trial that they complied with this required condition precedent before initiating the case, the burden therefore shifts to Plaintiffs at this juncture to adequately show the Court that they have evidence to support this element of their case. *See id.* at 322-23 ("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."). Put differently, we have reached "the critical put up or shut up moment" of the case. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 878 (7th Cir. 2021).

Here, we find that Plaintiffs have not and cannot put up. With respect to the non-exemplar claims, no reasonable juror could conclude that Plaintiffs *did* comply with Section 627.736(10) based only upon the testimony of Plaintiffs' corporate representative that they *might* have complied with Section 627.736(10). Thus, no reasonable jury could return a verdict for Plaintiffs on this element of Plaintiffs' case.

To reiterate, Plaintiffs offer nothing aside from their corporate representative's testimony to evidence the truth of their allegation that all conditions precedent were satisfied prior to bringing this lawsuit. Mr. Miranda's testimony is, at most, speculation regarding whether Plaintiffs discharged their obligations under Florida

10

law. And "unsupported speculation . . . does not meet a party's burden of producing some defense to a summary judgment motion." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931-32 (7th Cir. 1995)). "Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Id.* (emphasis in original); *see also Olbek v. City of Wildwood, Fla.*, 850 F. App'x 714, 722 (11th Cir. 2021) ("Because speculation cannot create a genuine issue of material fact, it cannot defeat summary judgment."); *Cendan v. Sch. Bd. of Broward Cty., Fla.*, 628 F. Supp. 3d 1191, 1206 (S.D. Fla. 2022) (noting that a juror cannot draw a reasonable inference from the evidence if that evidence is merely speculation).

Therefore, as a matter of law, Plaintiffs' undisputed failure to comply with the mandates of Section 627.736(10) should result in summary judgment for Defendants on the non-exemplar claims. *Rivera*, 317 So. 3d at 207.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment should be **GRANTED** and Judgment entered in Defendants' favor based on the affirmative defense of failure to satisfy a statutory condition precedent. The action should then be **CLOSED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual

or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 7th day of December, 2023.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge